# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Dawud Rahim, | ) |
|        Plaintiff, | ) Civil Action No. 0:19-cv-00609-JMC |
| v. | ) **ORDER AND OPINION** |
| Jerry B. Adger, Larry Ray Patton, Jr., Thomas W. Nicholson, | ) |
|        Defendants. | ) |

This action arises from the rescission of *pro se* Plaintiff Dawud Rahim's parole in February 2015. The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 8.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2019, Plaintiff filed a Complaint alleging that Defendants Jerry B. Adger, Ray Patton, Jr., and Thomas W. Nicholson rescinded his parole without notice. (ECF No. 1.) On March 28, 2019, the Magistrate Judge issued a Report, recommending that the court dismiss Plaintiff's Complaint with prejudice and without issuance and service of process. (ECF No. 8.) Plaintiff timely filed objections to the Report on April 12, 2019. (ECF No. 10.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains

1

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

Plaintiff claims that Defendants breached "the established contract of conditional parole." (ECF No. 8 at 2.) The Magistrate Judge determined that "Plaintiff has no state-created liberty interest in parole, even where he is granted parole and it is later rescinded." (ECF No. 8 at 4 (citing

2

*Jago v. Van Curen*, 454 U.S. 14, 17 (1981)).) As such, "[b]ecause Plaintiff has no state-created liberty interest in his parole, no process is due." (*Id.*) Plaintiff "objects to [the Report's] comments that if he was granted parole and it was later rescinded without any time [of] notice that he does not have any state-created liberties interest in parole of impending state actions." (ECF No. 10 at 3.) Plaintiff points to the South Carolina Board of Parole and Pardons, Policies and Procedures Manual and asserts that: "conducting such business [a rescission of parole] without giving parties notification to establish a hearing of rebuttal that would create the Fourteenth Amendment violation of due process under the parole boards on policies and procedural manual quorum." (ECF No. 10 at 3.) The court finds that Plaintiff's objection merely rehashes his previous claim that an "inmate has a state-created liberty interest under the privilege of making parole. The rescinding of such without notification is clearly a violation of the Fourteenth Amendment Due Process rights and would constitute the judgment requested in the original pleadings." (ECF Nos. 1 at 12; 10 at 4.) It is well-established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, the court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 8, 2019
Columbia, South Carolina

3